UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 16-25079-CIV-MORENO

MAURICE'S JEWELERS II, INC.,

      Plaintiff,

vs.

PANDORA JEWELRY, LLC and PANDORA
FRANCHISING, LLC,

      Defendant.
_____/

## **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

      This case arises from a franchise relationship. Plaintiff is bringing claims under the Florida Deceptive and Unfair Trade Practices Act, the Florida Franchise Act, and common law claims of promissory estoppel and breach of contract. Defendants have moved to dismiss all the claims. The Court grants the motion to dismiss as to the Florida Deceptive and Unfair Trade Practices Act, but grants Plaintiff leave to amend its complaint to allege actual damages consistent with its response to the motion to dismiss. The Court finds the Plaintiff has sufficiently pled the promissory estoppel and breach of contract claims and denies the Defendant's motion to dismiss those two counts. Finally, the Court finds the parties' franchise agreement containing a Maryland choice of law provision precludes the Plaintiff's claim under the Florida Franchise Act, a claim that stems from the parties' franchise relationship, which is governed by their agreement.

      THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. 18)**, filed on **February 3, 2017**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part and DENIED in part. The Court grants Plaintiff leave to file an Amended Complaint consistent with this Order by no later than **September 13, 2017**.

## I. Background

Plaintiff, Maurice's Jewelers II, Inc., brings a four-count complaint against Defendants Pandora Jewelry, LLC and Pandora Franchising, LLC. In February 2011, the parties entered into a Master Purchase Authorization Agreement to allow Plaintiff to retail Pandora jewelry at a Dolphin Mall location in Miami, Florida. Plaintiff's principal, Andrew Koppel, had prior agreements with Defendants and a right of first refusal to open new Pandora franchise stores.

The First Amended Complaint alleges there are different types of franchises:

> Concept Store: A full-blown Pandora store, which carries all Pandora products, and branded storefront.
>
> Shop-in-shop: A shop-in-shop is a clearly defined space within a store dedicated to Pandora products.
>
> Gold Dealer: Gold dealers are multi-brand retailers with a strong Pandora profile.
>
> Silver and White Dealers: Silver dealers have Pandora branded fittings in the store, but to a lesser extent than gold dealers. White dealers are multi-brand retailers carrying a limited assortment.

The Master Purchase Authorization designates the Dolphin Mall location as a Silver dealer. The Master Purchase Authorization does not specify what products a Silver Dealer can retail, but it says it must carry at least four lines. The Master Purchase Authorization also states that an authorized retailer may elect to be a Gold, Silver, or White retailer at its discretion and may elect to change such retailer status at any time.

2

In November 2013, Plaintiff alleges that Defendants' employee Judy Viera sent Plaintiff a letter. Viera advised that although the Dolphin Mall location would be designated as a Silver dealer, Plaintiff would be permitted to carry all Pandora jewelry lines and products with the exception of watches at the Dolphin Mall location.

In reliance on Viera's express assurance, Plaintiff alleges it proceeded to develop the Dolphin Mall location, by negotiating a lease for retail space, undertaking improvements, and purchasing fixtures for jewelry display. It incurred architectural costs of $14,500 and the construction budget was between $400,000-$500,000. Pandora Jewelry reviewed the layout for the location, as it did for Plaintiff's other location, which is a "concept store." Plaintiff also entered a lease for six years starting on June 24, 2014.

Plaintiff opened the store in November 2014. Defendants did not permit Plaintiff to purchase the full line of Pandora offerings. Specifically, Defendants did not allow Plaintiff to purchase the Disney, Essence, or Rose collections. On April 20, 2015, Plaintiff advised Defendants that financial growth was stymied by its inability to retail these collections at Dolphin Mall.

Rather than allow Plaintiff to sell these collections, Defendants sent a termination notice to Plaintiff without any advance notice. Plaintiff alleges the failure to provide notice was a breach of the parties' agreement. The termination was effective immediately. Plaintiff alleges that as a result of the wrongful termination, it is incurring damages in the form of lease payments for the next four years.

Plaintiff's complaint alleges a violation of the Florida Deceptive and Unfair Trade Practices Act and the Florida Franchise Act and common law claims of promissory estoppel and breach of contract. Defendants are moving to dismiss all the claims.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## III. Legal Analysis

*A. Florida Deceptive and Unfair Trade Practices Act*

The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) is "intended to protect a consumer from unfair or deceptive acts or practices, which diminish the value or worth of the goods or services purchased by the consumer." Urling v. Helms Exterminators, Inc., 468 So. 2d 451, 454 (Fla. 1st DCA 1985). The Act provides a cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. . .." § 501.204(1), Fla. Stat. The elements of a FDUTPA claim are: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." Coach,

Inc. v. Swap Shop, Inc., 916 F. Supp. 2d 1271, 1283 (11th Cir. 2012). Although Defendants do not concede that Plaintiff has properly pled the first two elements, the motion to dismiss focuses on Plaintiff's allegations of actual damages.[1]

The Eleventh Circuit has explained that actual damages are "the difference between a product's value under the contract and the market value of the product delivered." Democratic Rep. of the Congo v. Air Capital Grourp, LLC, 614 F. App'x 460 (471 (11th Cir. 2015) (quoting Rollins, Inc. v. Heller, 454 So. 2d 580, 585 (Fla. 3d DCA 2010)). "A notable exception to the rule may exist when the product is rendered valueless as a result of the defect -- then the purchase price is the appropriate measure of actual damages."Id. "In short, plaintiffs must marshal evidence to prove the gap in value between what was promised and what was delivered, unless the defendant palmed off a product that was truly worthless. In the latter situation, plaintiff may recoup the full price he paid for the valueless good or service."Id.

Defendants move to dismiss arguing the Plaintiff has failed to allege actual damages. Plaintiff's First Amended Complaint alleges that Plaintiff continues to suffer actual damages "including but not limited to the expenses incurred to negotiate and enter into a lease, including, among other things, the continued lease obligations through the expiration of the lease term and the expense of design and improvement at the Dolphin Mall."

In responding to the Motion to Dismiss, Plaintiff argues that it has sufficiently pled actual damages by alleging that Defendants sold them the opportunity to operate as a "small Concept Store" rather than a "Silver Dealer." Plaintiff argues its damages are the difference in value between the "Concept Store" (i.e. what was promised) and a "Silver Dealer" (i.e. what was

---

[1] The Court disagrees with Defendants that the first two elements are insufficiently pled. Plaintiff sufficiently alleges that Defendants failed to comply with the Federal Trade Commission Franchise Rule, which it alleges is a violation of the § 501.204, Fla. Stat., which states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission" in construing what are unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices." Plaintiff also alleges this violation caused it to incur damages.

5

delivered). In the alternative, if a "Silver Dealer" designation is deemed valueless (i.e. Plaintiff can make no money based on restricted product offerings), the Plaintiff is entitled to recover its entire purchase price (i.e. total investment). Count 1 of the First Amended Complaint alleges the latter situation, not the former. In other words, it alleges the exception to the rule that Plaintiff is entitled to recover its investment because the contract was valueless. The Court will allow the Plaintiff to amend Count 1 consistent with its argument on the motion to dismiss that it is seeking to recover the difference between what Defendants promised and what was delivered.

## B. *Promissory Estoppel Claim*[2]

Plaintiff's promissory estoppel claim stems from the purported promise that even though it was designated as a "Silver Dealer" at Dolphin Mall, it would be able to sell all jewelry lines, with the exception of watches, akin to a "Concept Store." Defendants move to dismiss asserting the claim is not viable because the parties have a written agreement, the complaint lacks allegations of a definite promise, and plaintiff has not alleged the purported promise was more than a truthful statement of present intentions as to a future act.

"[P]romissory estoppel is not available as a remedy when the parties have a written contract addressing the relevant issues; the contract's silence about particular details is not controlling as long as the contract purports to address the broadly disputed issues." White Holding Co., LLC v. Martin Marietta Materials, Inc., 423 F. App'x. 943, 948-49 (11th Cir. 2011) (citing Advanced Mktg. Sys. Corp. v. ZK Yacht Sales, 830 So. 2d 924, 928 (Fla. 4th DCA 2002)); J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship, 115 F. Supp. 3d 593, 609-10 (D. Md. 2015) (applying Maryland law and entering summary judgment on promissory estoppel claim where there was an enforceable contract between the parties). In this case, the Plaintiff has pled

---

[2] The parties agreement selects Maryland law as the governing law. The parties cite both Florida and Maryland law in the motion to dismiss with regards to the promissory estoppel claim.

6

promissory estoppel and breach of contract claims. At issue is whether the promissory estoppel claim can survive the motion to dismiss in view of the breach of contract claim.

Federal Rule of Civil Procedure 8(d) allows pleading in the alternative, even if the theories are inconsistent. In re: Checking Account Overdraft Litigation, 694 F. Supp. 2d 1302, 1321 (S.D. Fla. 2010). Defendants have not conceded that Plaintiff is entitled to recovery under the contract, and it is possible that if the contractual claim fails, Plaintiff may still be entitled to recovery under promissory estoppel. Id. (citing Tracfone Wireless, Inc. v. Access Telecom, Inc., 642 F. Supp. 2d 1354, 1366 (S.D. Fla. 2009)). "[W]hile the law does not permit a party to simultaneously prevail on a [promissory estoppel] theory and a contractual theory, it does not require the dismissal (at the motion to dismiss stage) of a [promissory estoppel] claim merely because an express contract exists that arguably governs the conduct complained of. That argument may be properly raised at a later stage in this litigation, such as summary judgment." Id. At this stage, the Court will allow the Plaintiff to plead breach of contract and promissory estoppel in the alternative.

Now, the Court must decide whether the allegations sufficiently state a claim of promissory estoppel. Florida and Maryland law provide that claims of promissory estoppel establish the following three elements: (1) plaintiff detrimentally relied on defendant's promise; (2) defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance by the plaintiff; and (3) injustice can only be avoided by enforcement of the promise. W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So. 2d 297, 302 (Fla. 1st DCA 1999); havePower LLC v. Gen. Elec. Co., 256 F. Supp. 2d 402, 410 (D. Md. 2003). More succinctly, to prove promissory estoppel, a plaintiff must show: (1) promises that are definite and substantial in nature; (2) show justifiable reliance on promises made; and (3)

show detrimental reliance on such promises. <u>PDF Foods, LLC. v. Naked Juice Co. of Glendora, Inc.</u>, No. 07-81217-CIV-MIDDLEBROOKS, 2008 WL 11331990, *6 (S.D. Fla. April 29, 2008).

Defendants argue that the promise that Plaintiff would be allowed to operate as a "Concept Store" is too indefinite to state a claim. A promise must be "definite as to terms and time" (under Florida law) or "clear and definite" (under Maryland law). <u>W.R. Grace & Co. v. Geodata Servs., Inc.</u>, 547 So. 2d 919, 924 (Fla. 1989); <u>Pavel Enters. Inc. v. A.S. Johnson Co.</u>, 342 Md. 143, 167 (1996). The Court finds the Plaintiff's allegations sufficiently state a promise under Florida or Maryland law. Plaintiff alleges that Defendants agreed that although the Dolphin Mall location would be designated as a Silver dealer, the Dolphin Mall location would be permitted to carry all Pandora jewelry lines and products, with the exception of watches. Plaintiffs allege that despite being labeled a Silver dealer, Defendants made it clear to Plaintiffs that its product offerings would be in line with a "Concept Store," which it alleges is a "full blown Pandora store, which carries a complete assortment of Pandora products. . .." Plaintiff also alleges the parties agreed that the term of their agreement would be coterminous with their lease at the Dolphin Mall. The parties further agreed that payment terms would be like Plaintiff's other concept store located in the Falls Mall. The Court finds these allegations sufficient to establish a promise "definite as to terms and time" (under Florida law) or "clear and definite" (under Maryland law).

Defendants' final argument is that Plaintiff fails to allege that the promise was more than a truthful statement as to the present intention of the party with regard to its future act. "[O]rdinarily, a truthful statement as to the present intention of a party with regard to his future act is not the foundation upon which estoppel may be built." <u>W.R. Grace & Co.</u>, 547 So. 2d at 924 (Fla. 1989). The allegations show more than a statement of future intent. Defendants

8

reviewed the floor plans as they would for a "Concept Store," agreed to a time frame with Plaintiff for the opening of the store, and agreed to payment terms. Therefore, this Court will not dismiss the promissory estoppel claim on these grounds.

*C. Florida Franchise Act*

Defendants argue that Plaintiff's claim for violation of the Florida Franchise Act should be dismissed because Maryland law applies as set forth in the parties' agreement. It is well-settled that a "federal district court sitting in diversity must apply the choice of law rules of the forum state." Clanton v. Inter.Net Glob., LLC, 435 F.3d 1319, 1323 (11th Cir. 2006). Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy. Mazzoni Farms, Inc. v. E.I. DuPont De Nemours, & Co., 761 So. 2d 306, 311 (Fla. 2000). A choice-of-law provision is presumptively valid and it is the burden of the party opposing the choice-of-law provision to demonstrate why it should not be enforced. Id. Plaintiff does not argue that the choice-of-law provision should not be enforced or that it contravenes strong public policy.

The agreement's choice of law provision states as follows: "This [Master Purchase Authorization] shall be governed by, and construed in accordance with, the laws of the State of Maryland. . .." Plaintiff's position is that this narrow choice-of-law clause only applies to claims arising out of the agreement itself and not the parties' relationship.

To support its position that Maryland law applies and the Florida statutory claim should be dismissed, Defendants rely on Hardee Food Systems, Inc. v. Bennett, No.89-8069, 1994 WL 1372628, at *4 (S.D. Fla. March 24, 1994). In Hardee, the district court found the agreement's choice-of-law provision precluded the Florida Franchise Act claim and granted summary judgment. The Hardee court noted that this "statute can only be applicable because of the franchise relationship." The franchise relationship was cemented in an agreement containing a

9

choice-of-law provision. Id.; See Zounds Hearing Franchising, LLC. v. Moser, No. 16-00619-PHX-DGC, 2016 WL 6476291, at *5 (D. Ariz. Nov. 2, 2016) (granting motion to dismiss and finding the parties' choice of Alabama law precludes a Florida Franchise Act claim).

In this case, the Florida Franchise Act only applies by virtue of the parties' franchise relationship, which is governed by the parties' Master Purchase Authorization. That agreement contains a choice-of-law provision electing Maryland law and the Court must give the parties' intent effect. Accordingly, the Court dismisses the Florida Franchise Act claim.

*D. Breach of Contract*

Defendants move to dismiss the breach of contract claim because they claim the language in the agreement contradicts the Plaintiff's claim. See Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009) ("When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."). Although the Master Purchase Agreement does allow the Defendants to terminate the agreement or pending orders, it does require immediate notice to the Plaintiff. Plaintiff claims it did not receive notice that its orders were being terminated and that it would not be permitted to sell certain lines. The Court, therefore, finds Plaintiff sufficiently states a claim for breach of contract.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th of August 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record